IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTLAND WILLIAMS, #276-777,<br>　　　　Plaintiff | * | |
| | * | |
| v. | * | CIVIL ACTION NO.  AMD-08-1650 |
| | * | |
| J. MICHAEL STOUFFER, et al.,<br>　　　　Defendants | * | |
| | *** | |

MEMORANDUM

On June 24, 2008, pro se plaintiff Scotland Williams, an inmate at the North Branch Correctional Institution in Cumberland, Maryland, filed a civil rights complaint pursuant to 42 U.S.C. §1983 seeking money damages and injunctive relief.  Plaintiff alleges that while incarcerated at the Maryland Correctional Adjustment Center his mail was tampered with by mailroom supervisor Gibson. Paper No. 1. Now before the court is defendants' dispositive motion (*see* Paper No. 14), which shall be treated as a motion for summary judgment.[1] No hearing is needed. *See* Local Rule 105.6 (D. Md. 2008).  For the reasons that follow the motion shall be granted.

Factual and Procedural  Background

Plaintiff alleges that based on ill will harbored by mail room clerk Karen Gibson, she delayed mailing his opposition to defendants' motion for summary judgment in one of his earlier cases, *Williams v. Sizer, et al.*, AMD 06-1759 (D. Md. 2006).   Paper No. 1.  Plaintiff also avers that his attorney mailed correspondence to him which contained his name and identification number, but the letter was improperly returned to counsel.  *Id*.  Plaintiff claims that this conduct interfered with his right to counsel, violated his right to due process, and was retaliatory in nature.  Paper Nos. 1 and 27.

---

[1] Plaintiff has responded to defendants' dispositive motion.  Paper No. 19.  In reviewing the papers before the court, the facts, as well as the inferences to be drawn therefrom, must be viewed in the light most favorable to the
(Note continued next page)

Standard of Review

A motion for summary judgment is governed by Fed. R. Civ. P. 56(c) which provides that

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Analysis

---

non-moving party.  *See Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

A.     Access to Courts

Plaintiff's assertions that his response to a motion for summary judgment was delayed and that a letter sent to him by his attorney was returned undelivered provides no basis for relief. Prisoner claims regarding legal mail are typically analyzed as access to court claims, despite plaintiff's efforts to label them otherwise. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim."*Lewis v. Casey*, 518 U.S.343, at 351 (1996).

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis v. Casey*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of a prisoner's right of access to the courts is actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation. *Lewis*, 518 U.S. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id.* at 354. Rather, the *Lewis* Court concluded that *Bounds v. Smith*, *supra*, stood essentially for the proposition that prisoners are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.*

Plaintiff has suffered no actual injury as a result of delayed or returned mail. The mailing that was delayed in reaching this court was in fact received, docketed and considered. *See Williams v. Sizer*, AMD-06-1759 (D. Md. 2006). Likewise, plaintiff cannot demonstrate any injury as a result of the erroneous return of one letter sent to him by his attorney. Occasional incidents of delay or non-delivery of mail simply do not rise to a constitutional level. *See Gardner v. Howard*, 109 F.3d 427,

430-31 (8th Cir. 1997); *Smith v. Mashner*, 899 F.2d 940, 944 (10th Cir. 1990).

B.    Due Process

Plaintiff's contention that defendants violated their own procedural guidelines does not state an independent federal claim. *See Sandin v. Conner*, 515 U.S. 472, 478-87 (1995).[2] Plaintiff has provided documentary evidence that a letter to him from his attorney was properly addressed to him and contained his identification number. Paper No. 27. He has provided further evidence of correspondence addressed to him that either contained his incorrect name, identification or no identification at all and which was delivered to him. *Id.* Plaintiff points to this discrepancy as evidence that defendant Gibson intentionally interfered with his mail. There is no evidence, however, that Gibson was the mail room employee responsible for rejecting the mail, or that the mail room protocol designed to prevent or minimize problems with mail delivery created a constitutionally protected liberty interest.

Moreover, to the extent the erroneous return of the letter amounted to interference with his personal property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[3] *See Juncker v. Tinney*,

---

[2] While a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("prisoners may no longer peruse statutes and prison regulations searching for the grail of limited discretion.").

[3] Plaintiff has remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

549 F. Supp. 574, 579 (D. Md. 1982).[4]

C.   Retaliation

Generally, claims of retaliation are to be treated with skepticism. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).  In order to sustain a claim based on retaliation, a plaintiff "must allege *either* that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)(emphasis supplied).

Plaintiff's claim that the retaliatory acts were taken in an effort to deny him access to the courts fails, as he has not shown the requisite adversity is essential to any retaliation claim. *See ACLU of Maryland*, 999 F.2d 780, 785 (4th Cir. 1993); *Scott v. Kelly,* 107 F.Supp 2d 706, 709 (E.D.Va. 2000).

D.   Injunctive Relief

During the pendency of this action, plaintiff was transferred from MCAC to NBCI.  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief relating to the place of confinement. *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that plaintiff is no longer housed at

---

[4] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that
(Note continued next page)

MCAC, his request for injunctive relief has been rendered moot. Consequently, plaintiff's request for injunctive relief shall be denied.

## Conclusion

For the reasons stated above, defendants' motion for summary judgment shall be granted. An order follows.

Date: August 24, 2009                     __/s/_____
                                          Andre M. Davis
                                          United States District Judge

---

sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.